DLD-041                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2438
_____

UNITED STATES OF AMERICA

v.

FRANK BERRYMAN,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-04-cr-00425-001)
District Judge:  Honorable Nitza I. Quiñones Alejandro
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 7, 2023
Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: December 15, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Frank Berryman appeals the District Court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the following reasons, we will affirm.

Berryman was found guilty of one count of conspiracy to interfere with commerce by robbery; one count of interference with commerce by robbery; one count of using and carrying a firearm during and in relation to a crime of violence; two counts of possession of a stolen firearm; and two counts of possession of a firearm by a convicted felon. He was sentenced to a total term of 294 months of imprisonment.

On May 23, 2023, Berryman filed the instant motion for compassionate release.[1] Under 18 U.S.C. § 3582(c)(1)(A)—which is often referred to as the "compassionate release" provision—a district court may reduce a term of imprisonment if "extraordinary and compelling reasons" warrant doing so and the district court determines, after reviewing the sentencing factors in 18 U.S.C. §3553(a), that a reduction is appropriate. See 18 U.S.C. § 3582(c)(1)(A). In his motion, Berryman argued that the following factors amounted to extraordinary and compelling circumstances warranted a reduction in his sentence: the COVID-19 pandemic; his age; the amount of time left on his sentence,

---

[1] On May 27, 2021, the District Court denied Berryman's first motion for compassionate release.

namely two years; his rehabilitation; and his minor disciplinary history during the last ten years of his imprisonment. The District Court denied the motion after concluding that none of the factors cited by Berryman, either jointly or separately, constituted extraordinary and compelling circumstances warranting his release. Berryman timely filed a notice of appeal. The Government filed a motion to summarily affirm.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's denial of compassionate release for abuse of discretion. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). Under this standard, "we will not disturb the [district] court's determination unless we are left with a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached." Id. (second alteration in original) (internal quotation marks omitted). We may summarily affirm a district court's judgment if the appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

We agree with the District Court regarding the denial of Berryman's motion. Neither the existence of COVID-19 nor Berryman's rehabilitation independently warrants compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); 28 U.S.C. § 994(t). Although age and the length of time remaining on a defendant's sentence can be considered under the § 3553(a) rubric, the District Court did not err when it concluded that these factors did not amount to extraordinary and compelling circumstances here, especially given the fact that Berryman is a man in his

3

early forties who has already received the COVID-19 vaccine and has not presented evidence of any personal health risk.[2] We also agree with the District Court's reasoning regarding Berryman's implicit request for home confinement in lieu of compassionate release. We therefore conclude that no substantial question has been presented on appeal.

Accordingly, we grant the Government's motion, and will summarily affirm the District Court's order.

---

[2] Similarly, although § 3582(c)(1)(A)(ii) allows for the possibility of sentence modification where a defendant is at least 70 years of age and has served at least 30 years in prison, Berryman does not meet these requirements.